IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ELGIN GREGORY KING                                                                PETITIONER

v.                              NO. 5:07CV00099 HDY

LARRY NORRIS, Director of the                                              RESPONDENT
Arkansas Department of Correction

MEMORANDUM OPINION AND ORDER

The record reflects that petitioner Elgin Gregory King ("King") was convicted by a Pulaski County, Arkansas, Circuit Court jury of criminal solicitation to commit capital murder. On the heels of his conviction, he was sentenced to fifty years in the custody of respondent Larry Norris ("Norris").

King appealed his conviction to the Arkansas Court of Appeals where he challenged the trial judge's refusal to grant a directed verdict. The state Court of Appeals found no reversible error and affirmed King's conviction in March of 2000. See King v. State, 2000 WL 264364 (March 8, 2000).

Norris represents, and King does not dispute, that there is no evidenced King has "ever filed for post-conviction relief. Furthermore, King does not indicate that he has filed any petitions, applications, or motions with respect to the foregoing judgment in any court." See Document 5 at 1.

In May of 2007, King commenced the proceeding at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. Norris thereafter submitted a response to the petition in which he maintained that King's petition is barred by limitations. Norris specifically maintained that the petition is so barred because it was not filed within one year of the date King's conviction became final and because the limitations period was never tolled. After briefly reviewing Norris' response, the Court determined that King should be notified of Norris' assertion. King was so notified and invited to submit a reply to the response. He accepted the invitation and submitted a reply in which he maintained, <u>inter alia</u>, that the limitations period was equitably tolled because he is actually innocent of the crime of criminal solicitation to commit capital murder.

28 U.S.C. 2244(d) establishes a one year period during which a state prisoner must commence a proceeding pursuant to 28 U.S.C. 2254. If the prisoner fails to commence the proceeding within that year, it is forever barred. Applying the provisions of 28 U.S.C. 2244(d) to the summary of state and federal court proceedings outlined above, it is clear that the applicable limitations period in this proceeding commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." <u>See</u> 28 U.S.C. 2244(d)(1)(A). No other sub-paragraph of 28 U.S.C. 2244(d)(1) is applicable. Given that finding, the Court turns to consider when King's conviction became final by "the conclusion of direct review or the expiration of the time for seeking such review."

The record reflects that the state Court of Appeals affirmed King's conviction in March of 2000. The Court assumes that the state appellate court issued the mandate in King's direct appeal sometime during the following month, that being, April of 2000. He could have petitioned the United States Supreme Court for a writ of certiorari beginning the day after the mandate was issued. United States Supreme Court Rule 13 provides that a petition for a writ of certiorari is timely if filed within ninety days after the entry of the judgment in question. Thus, King had up through sometime during July or August of 2000 to file a timely petition for a writ of certiorari. When he did not file a petition within that period, his conviction became final for purposes of 28 U.S.C. 2244(d)(1)(A) in July or August of 2000. See Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999) (judgment becomes final under 2244(d)(1)(A) upon expiration of time for filing petition for writ of certiorari). Because his conviction became final sometime during July or August of 2000, he had one year from that period, or up through sometime during July or August of 2001, to commence a proceeding pursuant to 28 U.S.C. 2254.

King commenced this proceeding in May of 2007, or well past the expiration of the one year period that concluded during July or August of 2001. Although 28 U.S.C. 2244(d)(2) provides that "[t]he time during which a properly filed application for [s]tate post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation ...," King never pursued state post-conviction relief. Consequently, the limitations period was not tolled by the pendency of a state collateral proceeding.

On the basis of the foregoing, the Court finds that King's conviction became final sometime during July or August of 2000. He had one year from that period, or up through July or August of 2001 to commence a proceeding pursuant to 28 U.S.C. 2254. He commenced the proceeding at bar in May of 2007, or well outside the relevant one year period. His petition should therefore be dismissed, and judgment entered for Norris, unless King can show some other justification for tolling the limitations period. See Kreutzer v. Bowersox, 231 F.3d 460 (8th Cir. 2000), cert. denied, 519 U.S. 1083 (2001) (limitations period subject to equitable tolling if extraordinary circumstances exist).

The Court has carefully examined King's submissions, particularly his reply to Norris' response. The Court can find nothing in those submissions to justify tolling the limitations period. It cannot be said that the circumstances giving rise to the result in this proceeding were beyond King's control or that Norris' conduct somehow lulled King into inaction. See Jihad v. Hvass, 267 F.3d 803 (8th Cir. 2001).[1] King strenuously maintains that he is actually innocent of the crime of criminal solicitation to commit capital murder and, as a result, the limitations period was equitably tolled. There is at least one problem with his assertion: a petitioner's actual innocence is a circumstance sufficient to toll the limitations period in only a rare instance. In Flanders v. Graves, 299 F.3d 974, 978 (8th Cir. 2002), the Court of Appeals stated as follows:

---

[1] "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. Further, equitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction." See Id. at 805 [citing Kreutzer v. Bowersox, supra.]

> We do not hold that actual innocence can never be relevant to a claim that the habeas statute of limitations should be equitably tolled. For such a claim to be viable, though, a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations.

Applying the foregoing to this proceeding, King has not shown some action or inaction on the part of Norris that prevented King from discovering the relevant facts in a timely fashion or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations.

In summary, the undersigned finds that King commenced this proceeding outside the limitations period established by 28 U.S.C. 2244(d). For that reason, his petition is dismissed with prejudice and judgment will be entered for Norris.

IT IS SO ORDERED this ___12___ day of July, 2007.

*H. Daniel Young*

_____
UNITED STATES MAGISTRATE JUDGE