# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ELGIN GREGORY KING                                              PETITIONER

v.                         NO. 5:07CV00099 HDY

LARRY NORRIS, Director of the                        RESPONDENT
Arkansas Department of Correction

## ORDER

Petitioner Elgin Gregory King ("King") has filed the pending request for a certificate of appealability pursuant to 28 U.S.C. 2253(c). See Document 14.[1] For the reason that follows, the request is denied.

---

[1] 28 U.S.C. 2253(c) provides the following:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

    (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), the United States Supreme Court articulated the following standard for reviewing a request for a certificate of appealability:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy [section] 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

<u>See</u> also <u>Khaimov v. Christ</u>, 2002 WL 1677677 (8th Cir. July 25, 2002).[2]

The record reflects that King advanced several claims in support of his petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. The Court found, however, that he filed his petition outside the one year limitations period established by 28 U.S.C. 2244(d). As a result, his petition was denied and dismissed.

---

[2] "[W]hen a claim is denied on procedural grounds, our reading of <u>Slack</u> is that: 1) if the claim is clearly procedurally defaulted, the certificate [of appealability] should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate [of appealability] should not be issued; but 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate [of appealability] should be granted." <u>See</u> <u>Id</u>. at 4.

The Court has thoroughly reviewed the request at bar.  King has not demonstrated that jurists of reason would find it debatable whether the petition stated a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the Court was correct in its procedural ruling.  The Court therefore finds that King's request for a certificate of appealability should be, and is, denied.

IT IS SO ORDERED this __9___ day of August, 2007.

*H Daniel Young*

_____
UNITED STATES MAGISTRATE JUDGE